## BLAKE v. DORGAN.

Exceptions to the final report of a master in chancery should be first taken in the district court, in order to bring the objection to the supreme court; but where it appears that the court below ordered a just item to be stricken from the account of the appellant, it raises a legitimate question for the action of this court, and will justify a reversal of the decree.

IN EQUITY.  *Appeal from Dubuque District Court.*

This was a proceeding upon the report of a master in chancery, appointed by virtue of the decree rendered in preceding case of *Blake* v. *Dorgan*, ante, p. 537. The facts and points decided appear in the opinion of the court.

*Thos. S. Wilson* and *T. Davis*, for the appellant. 1. The fact that Blake superintended the business and labored for the partnership concern, is proved by the testimony, and not denied in any way.

2. The only reason for cutting him off from compensation would be, that his conduct was so bad as to authorize the dissolution of the partnership, and that his labor was an injury to the business. The testimony shows that Dorgan was first in the wrong, and that both parties were wrong. The opinion of supreme court shows that partnership was dissolved for the reasons that both parties had done wrong, and that it was for the interest of both of them that it should not be continued.

3. The record shows that the items in the account allowing Blake this compensation were stricken out by order of court, and that the report of the master rejecting these items was confirmed.

4. Where a master commissioner is ordered by the court to perform a ministerial act, and not permitted to exercise his own judgment or discretion, it is unnecessary to move to set aside his report. In such a case, he acts as the clerk of

this court when a judgment is rendered for costs to be taxed by the clerk. See *Adams* v. *Claxton*, 6 Vesey, 231.

5. The fact that Blake continued to superintend the business after the dissolution of the partnership by the district court, is no reason why he should not be allowed at least laborer's wages, for two reasons :

First. It was necessary that some person should ·superintend the brick-yard ; and the testimony shows that the business was well managed by Blake.

Secondly. The appeal, which he had a right to take, vacated the judgment of dissolution.

" An appeal suspends the effect of the decree appealed from." 3 Dallas, 87, 119.

" A valid appeal entirely vacates the judgment or decree appealed from," &c. Minot's Digest, p. 37, referring to *Paine* v. *Cowdin*, 17 Pick. 142 ; *Davis* v. *Cowdin*, 20 Pick. 510 ; *Campbell* v. *Howard*, 5 Mass. 376 ; *Keen* v. *Turner*, 13 Mass. 265, 266.

See also on the same point, 1 Term Rep. p. 2.

6. As the district court disallowed any compensation for this service of Blake, we ask that the judgment of that court, in this respect, may be reversed, and the cause remanded to the court below, with instructions to allow complainant a reasonable compensation for his labor.

*S. Hempstead, Lovell* and *Samuels*, for the appellee. Objections to master's report must be brought in before he makes his report, otherwise the court will not allow the party to except to it. 1 Paige, 145 ; 3 John. Ch. R. 79 ; 1 Maddox, 339, 555 ; 3 ib. 439 ; 1 Barbour's Ch. Prac. 546.

Exceptions to reports of masters in chancery are in the nature of special demurrers, and the party objecting must point out the error, otherwise the part not excepted to will be taken as admitted. 6 John. 566.

The making of objections is not a mere matter of form. 1 Barb. Ch. Prac. 547.

The appellant, not having excepted to the report before

Blake *v.* Dorgan.

·the master, nor before the district court, cannot make exceptions in this court.

*Opinion by* HASTINGS, C. J. It appears that on the 30th day of April, 1847, the district court, on exceptions taken by the complainant, ordered the report of the master to be recommitted, with instructions to strike out certain items of account, allowed by the master to the defendant, for his labor done after the happening of the cause of the dissolution; and it appears, from the amended report, that in obedience to such instructions, such items were stricken out, and that the court rendered a final decree upon the amended report. From the decision of the court, in making the above order, an appeal is taken to this court. An objection is urged, that the defendant should have excepted to the final report of the master, and that no objections to a master's report can be sustained, unless exceptions are filed before the court below. As to any matter passed upon by the master, and reported to the court, we believe the objections to be well taken; but the striking out of the account of defendant his charge for his own labor in the manufacturing of the brick, was ordered by the court, and so appears of record.

It seems to be just, and in accordance with the strictest principles of equity, that if Blake is to be charged with the sale and proceeds of the brick of the copartners, he should be credited with the cost and expense of their manufacture. In accordance with this principle, it seems that the master allowed Blake all such expense and costs, except his own labor, in his final report. We think the court below erred in refusing to allow Blake's item for personal services, and that if the court below had been in possession of the opinion of this court, upon the main questions in controversy, the order complained of would not have been made. We feel constrained, therefore, to reverse the order of the court below, disallowing the charges of the defendant for his personal services, believing that he should be credited therefor in his account with the firm. For the purpose, therefore, of ena-

bling the court below to ascertain the actual value of the services of Blake, and giving him credit therefor, the decree is reversed; the appellant to recover only the costs of this court.

Decree reversed.